**Robert M. CORCORAN and Hazel Corcoran, Plaintiffs-Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY and Mrs. R. Myron Corcoran, Defendants-Respondents.**

**No. KCD 29321.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Jon M. Krebbs, Kansas City, for plaintiffs-appellants.

J. Curtis Nettels, James E. Taylor, Kansas City, for respondent Southwestern Bell Telephone Co.

Charles P. Todt, Susan M. Hammer, Clayton, for respondent Mrs. R. Myron Corcoran.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Plaintiffs appeal adverse jury verdicts on their claim for invasion of privacy by Southwestern Bell, corporate defendant, and defendant Corcoran, plaintiffs' former daughter-in-law.

Plaintiffs assert instructional error.

The facts are not at issue in this appeal, so they may be briefly summarized. Defendant Georganne Corcoran's marriage to

plaintiffs' only son was dissolved in February, 1974. The husband was ordered to pay child support and maintenance. No child support was paid; the husband left Missouri, and the defendant tried, unsuccessfully, to locate him.

On May 31, 1974, defendant Corcoran made two calls to defendant Southwestern Bell Telephone Company. Using her own name, which was the same as plaintiffs', her former in-laws, defendant Corcoran had the telephone company send plaintiffs' telephone bill to a "temporary" address in Chesterfield, Missouri. It is undisputed that the bill was sent by first-class mail in an envelope and that defendant Corcoran opened the envelope addressed to plaintiffs Corcoran. As a result of this ruse, defendant was able to locate her husband and to successfully garnish his wages for back support payments.

On discovery of this scheme, Mrs. Hazel Corcoran, plaintiff-appellant, became very upset and claimed she suffered symptoms of a heart attack, sleeplessness, and much emotional stress. In August, 1974, Mr. and Mrs. Corcoran sued both Mrs. R. Myron Corcoran, their former daughter-in-law, and Southwestern Bell Telephone Company for invasion of their privacy.

Plaintiffs make two general claims of error concerning the instructions given at the request of each of the defendants. First, plaintiffs claim error in the giving of multiple converse instructions for each defendant. Second, plaintiffs claim that these instructions did not converse plaintiffs' verdict directing instructions, were not proper statements of the law, and even if true would not defeat plaintiffs' claims.

The disposition of plaintiffs' appeal as to defendant Southwestern Bell rests upon one basis and the disposition as to defendant Corcoran upon another. This necessitates separate treatment of the issues.

■ As noted, the plaintiffs contend that the verdict as to defendant Southwestern Bell must be reversed for instructional error. Bell counters with a claim that plaintiffs failed to make a submissible case.

Trial errors are immaterial if plaintiffs failed to make a submissible case. *Osborn v. McBride*, 400 S.W.2d 185 (Mo. 1966); *Wilkerson v. State Farm Mutual Automobile Ins. Co.*, 510 S.W.2d 50 (Mo.App. 1974). If plaintiffs failed to make a submissible case, error in the instructions requested by Southwestern Bell is harmless. *Shepard v. Ford Motor Co.*, 457 S.W.2d 255 (Mo.App. 1970).

For a consideration of the issue of submissibility of plaintiffs' case, it is necessary to outline the elements of the tort of invasion of privacy generally, and as it has been interpreted in Missouri case law. "Invasion of privacy" is the general term used to describe four distinct torts. Each of the four torts has distinct elements, and each describes a separate interest that can be invaded, although the separate interests may, and often do, overlap. Prosser, Handbook of the Law of Torts, § 117 (4th ed. 1971).

The Restatement (Second) of Torts § 652A A.L.I. (1977) declares that the right to privacy is invaded when there is (1) unreasonable intrusion upon the seclusion of another; or (2) appropriation of the other's name or likeness; or (3) unreasonable publicity given to the other's private life; or (4) publicity that unreasonably places the other in a false light before the public. Although the Restatement (Second) has not been expressly adopted in Missouri, the courts in Missouri have long recognized the tort of invasion of privacy. *Biederman's of Springfield, Inc. v. Wright*, 322 S.W.2d 892 (Mo. 1959). *Williams v. KCMO Broadcasting Division*, 472 S.W.2d 1 (Mo.App. 1971), *Barber v. Time, Inc.*, 348 Mo. 1199, 159 S.W.2d 291 (1942). These cases do not expressly recognize the Restatement distinctions among the four types of invasion of privacy, but the distinctions are useful, if not critical, in deciding this case on appeal.

■ The claim of invasion of privacy against Southwestern Bell, defendant-respondent, falls correctly into the "public disclosure of private facts." The elements of this tort are: (1) publication, (2) absent any waiver or privilege, (3) of private mat-

ters in which the public has no legitimate concern, and (4) such as to bring shame or humiliation to a person of ordinary sensibilities. *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69 (8th Cir. 1976), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976). The publication requirement means publicity in the sense of communication to the public in general or to a large number of persons, as distinguished from one individual or a few. *Biederman's of Springfield, Inc., supra* at 898.

■ Casting the facts of this case against this matrix demonstrates plaintiff failed to make a submissible case against Southwestern Bell. There was no publication by Southwestern Bell. Defendant Corcoran admits that she opened first-class mail addressed to plaintiff. The publication occurred upon that event. The action of defendant Corcoran was an intervening illegal act over which Southwestern Bell had no control. Section 1702 Title 18 U.S.C., specifically prohibited the action of defendant Corcoran. The prohibition of the statute against opening mail addressed to another inheres when the mail is posted and continues until delivery to the *addressee* is completed. *United States v. Hill*, 8 Cir., 579 F.2d 480, handed down July 20, 1978.

Southwestern Bell neither intended nor permitted a publication; whatever publication occurred was the result of the illegal action of the defendant Corcoran. The plaintiffs failed to establish publication by Southwestern Bell. The case should not have been presented to the jury; Southwestern Bell's motion for a directed verdict at the close of all of the evidence should have been granted. The judgment in favor of defendant Southwestern Bell is affirmed.

■ The claim of invasion of privacy against defendant Georganne (Mrs. R. Myron) Corcoran is based on the intrusion upon seclusion branch of the general category. To make a submissible case of intrusion upon seclusion, plaintiff must prove three elements: (1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter by defendant through some method objectionable to the reasonable man. *Beaumont v. Brown*, 65 Mich.App. 455, 237 N.W.2d 501 (1975), *rev'd on other grounds*, 401 Mich. 80, 257 N.W.2d 522 (1977). Unlike the public disclosure of private facts, the intrusion upon seclusion requires *no* showing of publication or publicity.

■ The record supports the conclusion that defendant Corcoran obtained the Corcorans' phone bill by deception; opened the sealed, first-class mail addressed to the plaintiffs, and read the contents without authorization. There is little, if any, evidence to dispute these facts in the record, and respondent Corcoran makes no attempt to controvert them on appeal. The evidence was sufficient to submit this portion of the case to the jury. *Vernars v. Young*, 539 F.2d 966 (3rd Cir. 1976).

Corcorans claim numerous errors in the giving of instructions requested by defendant Corcoran. Plaintiffs offered one verdict directing instruction against defendant Corcoran; relying on MAI 33.01, Notes on Use, plaintiffs claim error in allowing defendants to submit *four* converse instructions. See also *Murphy v. Land*, 420 S.W.2d 505 (Mo. 1967). Defendant responds that the four instructions were not true converses, but definitions required by confusing elements of the invasion of privacy tort which are not set out in the MAI instructions.

Assuming, for the sake of argument, that the multiple instructions were necessary, defendant Corcoran must meet plaintiffs' other claims of error concerning the disputed instructions. Plaintiffs complain not only of the fact of multiple converses, but of their content. According to the plaintiffs, defendant Corcoran's instructions are not legitimate defenses to or explanations of the elements of the tort of intrusion upon seclusion, and are misstatements of the law in this area.

■ It is true that defendant Corcoran, in submitting converse instructions under the third method approved by MAI, would

be permitted to submit her own theory of the case, even if she did not directly negate the theory of plaintiffs' case. *Bollman v. Kark Rendering Plant*, 418 S.W.2d 39 (Mo. 1967). The theory submitted must be a correct statement of law.

The theory of liability against defendant Corcoran submitted by plaintiffs was based upon an intrusion upon seclusion. No publication is required to establish the tort upon that theory. The challenged instructions permitted the jury to find for the defendant Corcoran if there was no publication by her. Publication was defined as to a large number of persons or the public at large. Thus, the instructions presented a theory of defense not available to the defendant Corcoran under plaintiffs' submitted theory. The instructions were erroneous, and it is palpable that they were prejudicial since the "publication" by defendant Corcoran was apparently only to her lawyer, and the jury may have found in her favor on the ground of this limited publication. The verdict as to defendant Corcoran must be set aside and the cause remanded for a new trial.

Southwestern Bell had filed a motion to dismiss the appeal for violation of the rules of briefing, based on the failure of the plaintiffs to include the challenged instructions in their brief. The motion was ordered taken with the case. The plaintiffs filed a supplemental brief containing the challenged instructions. The motion to dismiss is overruled.

The verdict as to Southwestern Bell is affirmed; the verdict as to defendant Corcoran is reversed and the cause remanded for a new trial as to defendant Corcoran only.

All concur.