### (March 8, 1979)

■ ELLA M. THROWER et al., Respondents, v JOHN J. SMITH et al., Respondents, and ISADORE PEREZ, Appellant.—Motion by the estate of Max Berens to amend the remittitur by adding a provision stating that questions of fact have not been considered or that the questions of fact have been considered and this court would not grant a new trial or hearing upon such questions of fact. Motion granted to the extent that the decision and order both dated July 3, 1978 [62 AD2d 907] are amended by adding, following the decretal paragraph, the following: "Questions of fact were not considered." Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.

### (March 12, 1979)

■ PRISCILLA ABRAMS, as Executrix of SEYMOUR ABRAMS, Deceased, Plaintiff, v BROOKLYN HOSPITAL et al., Defendants. PETERS, BERGER & KOSHEL, P. C., Appellant; LEON PORT, Respondent.—Appeal by the law firm of Peters, Berger & Koshel, P. C., from an order of the Supreme Court, Kings County, entered June 21, 1978, which directed it to pay a sum of money to the respondent. Order affirmed, with $50 costs and disbursements. The order made by Mr. Justice Beckinella on January 22, 1976 to which appellant consented, is binding on it. Therefore, the order was properly followed by Mr. Justice Hirsch. The technical objections urged by the appellant have been considered and are deemed to be without merit. Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

■ VIOLET BLAKE et al., Respondents, v WYCKOFF HEIGHTS HOSPITAL et al., Appellants.—In a medical malpractice action, defendants appeal from so much of an order of the Supreme Court, Kings County, dated September 28, 1977, as denied that branch of defendant Wyckoff Heights Hospital's motion (which was joined in by the other defendants) which sought to compel plaintiffs to serve authorizations to allow defendants to obtain (1) a copy of the record of the physical examination conducted of plaintiff Violet Blake by her employer in or about July, 1975, and (2) plaintiff Violet Blake's employment records for the year 1975. Order reversed insofar as appealed from, without costs or disbursements, and said branch of the motion is granted. Plaintiffs' time to furnish the authorizations is extended until 20 days after service of a copy of the order to be made hereon together with notice of entry thereof. Since plaintiff Violet Blake has put in controversy her physical condition and loss of earnings, the inspection of the items sought by defendants should have been permitted pursuant to the liberal interpretation of CPLR article 31 (see *Koump v Smith,* 25 NY2d 287; *Greuling v Breakey,* 56 AD2d 540; *Myers v Schneider,* 59 AD2d 736). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.