**Helen BROWN, Appellant,**

v.

**Edward M. MULLARKEY, Edward S. Meyer, and James Daly, Respondents.**

**No. 43821.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 9, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Jack C. Harper, Clayton, for appellant.

Timothy L. Stalnaker, St. Louis, for Mullarkey.

Ralph C. Kleinschmidt, St. Louis, for Meyer.

John J. Horgan, Thomas C. Conroy, St. Louis, for Daly.

CRANDALL, Judge.

Appellant Helen Brown appeals from the trial court's adverse entry of summary judgment in her suit against respondents for invasion of privacy and abuse of process. We affirm.

Respondents Edward Meyer and James Daly are attorneys whom Adolph Morgan retained to defend him in a lawsuit brought by appellant for personal injuries and lost wages resulting from a 1973 automobile accident. Respondent Mullarkey is the manager of employee benefits and processing of Wagner Electric Corporation, a St. Louis business for which appellant worked at the time of the accident.

As Morgan's defense counsel, Meyer and Daly requested a certified court reporter to obtain service of a subpoena duces tecum on Mullarkey for a deposition. The subpoena duces tecum was duly served and Mullarkey was ordered to appear at Meyer's office on June 7, 1977, and to produce "[a]ll Plaintiff Helen E. Brown's wage records for the period of August of 1973 up to and including April of 1976." Although the lawsuit had been filed in the Circuit Court of the City of St. Louis, the subpoena duces tecum referred to the "County of St. Louis"[1] and was signed by the St. Louis County Circuit Clerk.

Mullarkey took with him to the deposition both a summary of appellant's earnings that he had compiled and appellant's personnel file, which contained the underlying documentation from which the earnings summary was derived. Mullarkey and Meyer arrived at the deposition on time but appellant's attorney arrived late. While waiting for him, Mullarkey and Meyer[2] discussed how Mullarkey had compiled the earnings summary and Meyer examined the summary and some of the documents in the file.

Appellant's attorney arrived during the conversation, saw some of the papers from the personnel file spread on the table, and demanded that they be returned to the file. When Meyer began the deposition, appellant's attorney objected to the inspection of the file before the deposition and questioned the validity of the subpoena duces tecum. Upon questioning, Mullarkey conceded that he had brought appellant's entire personnel file to the deposition and that he had allowed Meyer to see it. A dispute arose between Meyer and appellant's attorney and the deposition was aborted.

Thereafter, appellant filed this action against respondents Mullarkey, Meyer, and Daly for invasion of privacy and abuse of process. On September 19, 1980, the trial court granted respondents Meyer and Daly an interlocutory summary judgment. That judgment was made final October 20, 1980, the same date the trial court granted sum-

---

1. The heading was amended, however, by striking out the word "County" and typing in the word "City."

2. Respondent Daly was not present at the deposition. Respondent Meyer was, however, an employee and agent of respondent Daly.

mary judgment for respondent Mullarkey. This appeal followed.

In reviewing the entry of summary judgment, we must examine the record in the light most favorable to appellant and must resolve any doubts in her favor. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App. 1978). Summary judgment is proper only if the pleadings, depositions, admissions on file, and affidavits demonstrate clearly that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law. Rule 74.04(c). *See Heidelbaugh*, 574 S.W.2d at 27; *Phegley v. Porter-DeWitt Construction Company, Inc.*, 501 S.W.2d 859, 863 (Mo. App.1973). Material facts are those that possess legal probative force as to controlling issues. *Kohn v. Cohn*, 567 S.W.2d 441, 443 (Mo.App.1978).

Within this framework appellant's claim for invasion of privacy cannot stand.

*Corcoran v. Southwestern Bell Telephone Company*, 572 S.W.2d 212 (Mo.App.1978), which appellant cites, involved two separate actions for invasion of privacy. Plaintiff sued her daughter-in-law and Southwestern Bell after the daughter-in-law, through misrepresentation, persuaded the telephone company to mail plaintiff's telephone bill to a "temporary" address. The daughter-in-law, in violation of federal law, opened the bill and used it to locate her husband, plaintiff's son, and thereby garnish his wages for back support payments. The *Corcoran* court approved the language in the Restatement (Second) of Torts § 652A (1977) that there are four situations in which an action will lie for invasion of privacy. *Corcoran*, 572 S.W.2d at 214. The action against the

daughter-in-law was one for unreasonable intrusion upon the seclusion of another, while the suit against the telephone company, which the court ultimately held did not lie, was for public disclosure of private facts. *Id.* at 214–15.

■ Appellant's invasion of privacy claim against respondent Mullarkey is for public disclosure of private facts. That cause of action embodies four elements: (1) publication, (2) absent any waiver or privilege, (3) of private matters in which the public had no legitimate concern, and (4) such as to bring shame or humiliation to a person of ordinary sensibilities. *Corcoran*, 572 S.W.2d at 214–15. *See also* W. Prosser, Handbook of the Law of Torts § 117, at 809–12 (4th ed. 1971). "Publication" in this context connotes publicity "in the sense of communication to the public in general or to a large number of persons, as distinguished from one individual or a few." *Biederman's of Springfield, Inc. v. Wright*, 322 S.W.2d 892, 898 (Mo.1959); *Corcoran*, 572 S.W.2d at 215. *Cf.* Restatement (Second) of Torts, supra, § 652D, Comment, at 384 (communication "to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge").

■ Concededly appellant's personnel file contained documents revealing more information than respondents Meyer and Daly had requested in the subpoena duces tecum. Even if we assume, however, that respondent Mullarkey did disclose all of appellant's personnel file[3] and that appellant had a right to keep private some or all of the disclosed documents,[4] such action falls

---

**3.** The parties, of course, disagree about what documents in appellant's personnel file were actually disclosed. Meyer saw the wage summary and the records of appellant's earnings. Mullarkey admitted that he showed Meyer appellant's original employment application. Beyond that, the record is unclear. Appellant's attorney demanded that the documents on the table be returned to the file, but he did not inventory those documents or the ones that remained in the file.

**4.** In view of our holding, we need not, and do not, decide whether appellant, by filing her

lawsuit against Morgan, waived any right to privacy she may have had with respect to all or part of the contents of her personnel file. We note only that courts have allowed discovery of information arguably protected by a plaintiff's privilege or right of privacy insofar as that information was relevant to the action and its disclosure was reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968); *Blake v. Wyckoff Heights Hospital*, 68 A.D.2d 896, 414 N.Y.S.2d 225 (1979).

far short of the publication requirement. There is no allegation that Mullarkey disclosed the documents to anyone except Meyer and perhaps Daly. This is hardly "communication to the public in general or to a large number of persons, as distinguished from one individual or a few." *Wright*, 332 S.W.2d at 898; *Corcoran*, 572 S.W.2d at 215. Therefore, we hold that the trial court properly granted summary judgment in favor of respondent Mullarkey.

■ Appellant's privacy action against respondents Meyer and Daly falls into the category of unreasonable intrusion upon the seclusion of another. That cause of action comprises three elements: (1) the existence of a private and secret subject matter; (2) plaintiff's right to keep that subject matter private; and (3) defendant's use of some method objectionable to a reasonable person to obtain information about that subject matter. *Corcoran*, 572 S.W.2d at 215. In this case the method Meyer and Daly used to obtain the information was a subpoena duces tecum. Unlike the individual defendant in *Corcoran*, who used deceit and violated the federal law, the *method* that Meyer and Daly used could not be considered objectionable to a reasonable person. We therefore hold that the trial court correctly granted summary judgment in favor of Meyer and Daly on the issue of invasion of privacy.

Appellant's claim against Meyer and Daly for abuse of process is without merit. Appellant contends that the subpoena duces tecum was improper and unlawful because it was signed by the St. Louis County Circuit Clerk when the subpoena related to an action pending in the City of St. Louis; that respondents knew or should have known that the subpoena was improper; and that as a result Meyer and Daly "abused and made a mockery of the civil process." Respondents argue, on the other hand, that the subpoena was proper because Rule 57.09 allows an "officer or person before whom depositions may be taken" to issue a subpoena; that § 492.090, RSMo 1978, allows depositions to be taken by "some notary public or clerk of any court having a seal"; and that both the St. Louis County Circuit Clerk and the certified court reporter, a notary public, were therefore authorized to issue the subpoena duces tecum.

■ Whether the subpoena duces tecum was issued properly or improperly is irrelevant. W. Prosser, *supra*, § 121, at 856 n.66. The question, rather, is the use of the process after it was issued. The elements of abuse of process are that (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted, or improper use of process; and (3) damage resulted. *Stafford v. Muster*, 582 S.W.2d 670, 678 (Mo. banc 1979); *see also Moffett v. Commerce Trust Company*, 283 S.W.2d 591, 599 (Mo.1955). W. Prosser, *supra*, § 121, at 856–57.

■ The "process" in this case was a subpoena duces tecum. The "use of process" was to obtain appellant's wage records, an act within the purview of the process. Nothing in the record indicates that respondents Meyer and Daly had an ulterior purpose in seeking the information contained in appellant's personnel file. Respondents acted within the scope of the discovery rules in the representation of their client. Appellant, in fact, quotes in her brief from the deposition of respondent Daly that Daly intended to verify appellant's wage loss and discover any other relevant matters that appellant's file might disclose. This was not an improper purpose. We therefore hold that the trial court properly granted summary judgment on the claim for abuse of process.

■ Finally, respondent Meyer moves that we find appellant's appeal frivolous and, pursuant to Rule 84.19, award him $1,899 for attorney's fees and expenses in defending this appeal. We cannot say the appeal "presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success" or that "there was any

bad faith or lack of sincerity which prompted [appellant] to bring this appeal." *Means v. Sears, Roebuck and Company,* 550 S.W.2d 780, 789 (Mo. banc 1977). We therefore deny respondent Meyer's request for damages.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.