■ ELLEN MAGLARAS, Individually and as Administratrix of the Estate of TOM MAGLARAS, Deceased, et al., Respondents, v MT. SINAI HOSPITAL, Defendant, and MILTON SAPERSTEIN, Appellant. — Order of the Supreme Court, New York County (Ascione, J.), entered October 3, 1983, which, *inter alia,* granted plaintiffs' cross motion for a protective order striking defendant Saperstein's notice for discovery and inspection dated August 4, 1983, is modified, on the law and facts, to deny the cross motion for a protective order, and otherwise affirmed, without costs.

Defendant Saperstein is a psychiatrist and plaintiffs' decedent, Tom Maglaras, was defendant's patient from about April 30, 1975 to the date of his death on November 23, 1975. Maglaras was admitted to Mt. Sinai Hospital on a voluntary basis for psychiatric problems and was discharged allegedly against medical advice and committed suicide some two days later. This action for negligence and malpractice was thereafter commenced.

Dr. Saperstein's initial contact with Tom Maglaras was on an emergency consultation basis, at which time he was diagnosed as suffering from chronic paranoid schizophrenia, accompanied by an addictive personality and depressive reaction. Allegedly, Maglaras had a well-documented medical history, including numerous hospitalizations for psychiatric problems and heroin addiction. He had been discharged from the United States Army sometime in 1966. On or about February 23, 1966, he had been admitted to the United States Army Hospital in El Paso, Texas, for psychiatric problems. The immediate cause of his hospitalization was his attempt to commit suicide by slashing his left wrist. He was married to the plaintiff on or about May 28, 1967.

On or about October 12, 1968, he was admitted to Creedmoor State Hospital for treatment of his heroin addiction and personality problems. The decedent was noted as having suicidal tendencies. At the time, he was supporting a heroin habit at the rate of approximately $32 a day. He had been fired or laid off from his employment as a machinist with the City of New York on November 7, 1975. Allegedly, too, he was employed as a liquor salesman.

On August 4, 1983, the defendant served a notice of discovery and inspection requesting production for discovery and inspection of the decedent's United States Army discharge papers, his bank records from 1970 to date (as well as those of the plaintiff's income), particularly the bank records of accounts maintained by decedent at Citibank and Dollar Savings Bank. Also requested was an authorization to obtain employment records of the plaintiff from Capital Distributors Corp. and an authorization to obtain copies of tax returns filed by the plaintiff from 1975 to date.

The Supreme Court granted a motion by Dr. Saperstein directing plaintiffs and defendant Mt. Sinai Hospital to furnish executed transcripts of their respective examinations before trial. It also granted the cross motion by plaintiffs for a protective order, concluding that the items in the notice for discovery were "improper, speculative and irrelevant." This conclusion was erroneous.

Item No. 1 seeks the Army discharge papers of decedent. There may well be pertinent and relevant information contained in these documents concerning decedent's mental stability, reason for his discharge and other factors which may bear on his psychiatric state and/or drug addiction.

Items Nos. 2 to 4 deal with records and documents which would shed light on decedent's financial status. Since an issue herein will be pecuniary injuries suffered by the beneficiaries of the decedent measured by the loss of financial contributions from him, discovery and inspection of the plaintiff's relevant bank records from 1970 to date and those of the decedent, as well as plaintiff's employment records and income tax returns, are also material and necessary. This is especially true under the circumstances here, where defendant will concededly attempt to show that any earnings of decedent were spent in support of his drug habit and not in the support of his wife and children. The requirement that discovery of income tax returns requires a showing of special need (see BRC Elec. Corp. v Cripps, 67 AD2d 899) has also been met by the circumstances set forth by defendant. Concur — Kupferman, J. P., Sandler, Asch and Bloom, JJ.