■ MARY A. WALKER, Respondent, v CITY OF NEW YORK et al., Appellants. [614 NYS2d 31] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated January 19, 1993, as denied the branch of their motion which was to strike the action from the trial calendar and granted the branch of their motion which was to compel the plaintiff to comply with their notice for discovery and inspection only to the extent of directing the plaintiff to provide them with an authorization to obtain her medical records from the Federal Bureau of Investigation.

Ordered that the order is modified (1) by adding thereto a provision directing an in camera inspection of any records of the plaintiff's physical performance tests and evaluations that are kept by the Federal Bureau of Investigation and directing the release of those records if they are found to contain information that is material and necessary to an issue raised in the complaint and (2) by adding a provision thereto directing the release of any post-accident medical records that were kept by the plaintiff's employer at the time of the accident; and as modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiff allegedly was seriously injured when her automobile was struck by an automobile owned by the defendant City of New York (hereinafter the City) and driven by a City employee. After the accident, the plaintiff applied to join the Federal Bureau of Investigation (hereinafter the FBI), and she became a special agent for the FBI. The defendants sought discovery of FBI records "including but not limited to application for employment, records of any medical exams of Ms. Walker[,] physical performance tests, attendance records, evaluations and medical history forms." The defendants also sought discovery of the plaintiff's employment records "for one year prior to the date of the accident." The plaintiff offered to provide the defendants with her medical records, but otherwise refused to comply with the discovery request. The defendants moved to strike the action from the trial calendar and for an order directing compliance with their discovery request. The Supreme Court denied the branch of the motion which

was to strike the action and directed the plaintiff to provide the defendants with an authorization to obtain her medical records from the FBI.

We find that the motion to strike the action from the trial calendar was properly denied, but that the Supreme Court should have directed broader disclosure. The plaintiff's physical performance tests and evaluations may bear on any physical limitations that the plaintiff may have experienced in her job performance after the accident and, thus, may be relevant to the issues of damages *(see, Maglaras v Mt. Sinai Hosp.,* 107 AD2d 605), and the extent of her injuries. Therefore, an in camera inspection of those records is warranted, and, if they contain information relevant to an issue raised in the complaint, they must be released to the defendants *(see, Brady v Ottaway Newspapers,* 110 AD2d 614). Additionally, any medical records that were kept by the organization that employed the plaintiff at the time of the accident may be relevant to prove or disprove any causal connection between the accident and the lost earnings claimed by the plaintiff in the bill of particulars *(see, Caplow v Otis El. Co.,* 176 AD2d 199). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.