■ ORLANDO D. ALMONTE, Respondent, v CLARA MANCUSO et al., Appellants. [17 NYS3d 857]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about January 20, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel plaintiff to provide an unrestricted authorization for production of his entire employment file with the MTA/ New York City Transit Authority, unanimously modified, on the law and the facts, to grant the motion to the extent of requiring plaintiff to provide an authorization for any medical records related to the claimed injuries in his employment file from one year prior to the motor vehicle accident at issue to the present, and otherwise affirmed, without costs.

By bringing this action to recover for personal injuries allegedly suffered in a motor vehicle accident, plaintiff placed his medical condition in controversy and waived the physician-patient privilege with respect to pertinent medical records (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Pirone v Castro*, 82 AD3d 431, 432 [1st Dept 2011]). Plaintiff has failed to proffer any reason for refusing to comply with the preliminary conference order to the extent it directed him to provide a written authorization for the release of medical records in his employment file (*see* CPLR 3121 [a]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]). Accordingly, defendants' motion should be granted to the extent indicated. However, the court providently exercised its discretion in determining that discovery of other documents that may be contained in plaintiff's employment file, including disciplinary records, is not material and necessary to the defense of the ac-

tion. Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.