Gaynor v Mount Sinai Beth Israel Med. Ctr. (2019 NY Slip Op 04282)





Gaynor v Mount Sinai Beth Israel Med. Ctr.


2019 NY Slip Op 04282


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9483N 23218/14E

[*1] Phillip Gaynor, as Administrator of the Estate of Ronald R. Johnson, Plaintiff-Respondent,
v
Mount Sinai Beth Israel Medical Center, et al., Defendants-Appellants, Neil Jeffrey Zilberg, M.D., et al., Defendants.


McAloon & Friedman, P.C., New York (Roya Namvar of counsel), for Mount Sinai Beth Israel Medical Center, appellant.
Bartlett LLP, Mineola (Robert G. Vizza of counsel), for Plancher Orthopaedics & Sports Medicine, PPLC and Kevin Plancher, M.D., appellants.
Vigorito, Barker, Patterson, Nicholas & Porter, LLP, Valhalla (Leilani Rodriguez of counsel), for R.N. Network and C.H.G. Health Care Services, appellants.
Levine & Gilbert, New York (Harvey A. Levine of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered March 23, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to quash a subpoena served on Sing Sing Correctional Facility, unanimously reversed, on the law and the facts, without costs, and the matter remanded for in camera inspection of the requested employment records.
Defendants met their burden of demonstrating a "sufficient basis" to warrant in camera review of the decedent's employment records (see Civil Rights Law § 50-a[2]-[3]; Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563 [2018]). Plaintiff put the decedent's employment history directly at issue in this wrongful death action by making a claim for lost future earnings (see Maglaras v Mt. Sinai Hosp., 107 AD2d 605, 606 [1st Dept 1985]; Blake v Wyckoff Hgts. Hosp., 68 AD2d 896 [2d Dept 1979]; see also generally Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK