Kennedy v Ware (2022 NY Slip Op 00503)





Kennedy v Ware


2022 NY Slip Op 00503


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 153689/16 Appeal No. 15168 Case No. 2020-04249 

[*1]Gregory Kennedy, Plaintiff-Respondent,
v
Kevin Ware et al., Defendants-Appellants.


Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellants.
Wingate, Russotti, Shapiro, Moses and Halperin, LLP, New York (David M. Schwarz of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about March 12, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate a status conference order insofar as defendants requested the disclosure of certain documents, unanimously modified, on the law and the facts, to grant the motion to the extent of requiring plaintiff to authorize production of his New York City Transit Authority (NYCTA) personnel file, including employment-related medical records, and the matter remanded for in camera review to determine whether the documents in the personnel file are material and relevant to plaintiff's claimed injuries, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in determining that defendants are not entitled to disclosure of medical records involving plaintiff's 1991 treatment for an umbilical hernia, since defendants failed to show how that treatment was related to the neck, back, and right shoulder injuries plaintiff alleges he suffered in the motor vehicle accident underlying this action (see Forman v Henkin, 30 NY3d 656, 665-666 [2018]; Jerez v 2141, LLC, 191 AD3d 407, 407 [1st Dept 2021]; Noble v Ackerman, 216 AD2d 140, 140 [1st Dept 1995]).
As for defendants' demand for disclosure of records in plaintiff's NYCTA personnel file, Supreme Court restricted disclosure to records related to a single medical evaluation performed approximately two to three months before the accident, and those related to plaintiff's 2017 conviction for driving under the influence and resulting driver's license suspensions. However, defendants provided a reasonable basis for broader discovery, in which plaintiff would be obliged to produce NYCTA personnel records concerning earlier accidents occurring during his employment and concerning medical evaluations after the accident underlying this action. Such documents could disclose prior similar injuries, or could disclose evidence regarding the extent or permanency of plaintiff's claimed injuries (see Almonte v Mancuso, 132 AD3d 529 [1st Dept 2015]; Walker v City of New York, 205 AD2d 755, 756 [2d Dept 1994]). Further, in a good faith letter, defendants limited their request to medical records concerning treatments for injuries the same as or similar to the ones alleged in this action. Thus, defendants' request was appropriately tailored and reasonably calculated to yield relevant information (see Almonte, 132 AD3d at 529).
In order to protect plaintiff's privacy interest in his personnel records, an in camera review is appropriate to determine which, if any, of the records in plaintiff's NYCTA personnel file are material and relevant to plaintiff's claimed injuries and to
redact any information that is irrelevant or prejudicial (see Harris v Schmidt, 117 AD3d 1569, 1569-1570 [4th Dept 2014]; Meder v Miller, 173 AD2d 392, 393 [1st Dept 1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022