Gurney-Goldman v Soil Mgt. LLC (2026 NY Slip Op 01596)

Gurney-Goldman v Soil Mgt. LLC

2026 NY Slip Op 01596

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 655549/23|Appeal No. 6169|Case No. 2025-05270|

[*1]Steven Gurney-Goldman, etc., et al., Plaintiffs-Appellants, AHG Generation X LLC, et al., Plaintiffs,
vSoil Management LLC, Defendant, Jane Goldman, et al. Defendants-Respondents.

KKL LLP, New York (Daniel S. Noble of counsel), for appellants.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for Jane Goldman, respondent.
Kasowitz LLP, New York (David E. Ross of counsel), for Louisa Little, respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 28, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiffs Steven Gurney-Goldman and Stephanie Goldman to modify the report and recommendation of Judicial Hearing Officer Charles E. Ramos, dated July 8, 2025, and confirmed the report and recommendation, unanimously modified, on the law, to grant plaintiffs' motion to the extent of disaffirming the portions of the JHO's report and recommendation that had directed the production of privileged documents on the subject of the Newmark appraisal process and directed that the Allan Goldman diaries be produced to defendants, plaintiffs are now directed to submit the Allan Goldman diaries for an in camera review, and otherwise affirmed, without costs.
The attorney transcription of a conference call does not constitute privileged material or attorney work product and therefore its voluntary disclosure by plaintiffs did not effectuate a broad subject matter waiver of otherwise privileged documents pertaining to the Newmark appraisal process (see generally Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]). The transcript notes, on their face, are a rote transcription of a conference call among the various parties, counsel, and appraisal consultants. Defendants have not made any showing that the notes reflected any legal work, whether in the inclusion or presentation of the transcribed materials, or in the exclusion of any parts of the conference call (see id.). An attorney-created document consisting entirely of a rote transcription of such a conference call is no more privileged than transcription notes taken by a non-lawyer (see People v Kozlowski, 11 NY3d 223, 245 [2008], cert denied 556 US 1282 [2009]; Salzer v Farm Family Life Ins. Co., 280 AD2d 844, 846 [3d Dept 2001]; see also Redvanly v NYNEX Corp., 152 FRD 460, 466 [SD NY 1993]).
Plaintiffs made their father's personal diaries in their possession relevant to this litigation by using and disclosing portions of them in support of their claim. Having done so, plaintiffs may not act as gatekeeper concerning what portions are relevant and properly used and disclosed in this matter. However, plaintiffs have offered evidence that the diaries also contain irrelevant and private information. Therefore, the Allan Goldman diaries should be produced for an in camera review (see e.g. Kennedy v Ware, 201 AD3d 589, 590 [1st Dept 2022].)
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026