Urban v Roman Catholic Archdiocese of N.Y.

2026 NY Slip Op 03093

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Urban, Plaintiff-Respondent,

v

Roman Catholic Archdiocese of New York et al., Defendants, Marist Brothers of the Schools Inc., Sued Herein as Marist Brothers Province of the United States, Defendant-Appellant.

Decided and Entered: May 14, 2026

Index No. 950359/21, 950019/21, 950536/20 950148/19 950149/19, 950476/21, 70072/20, 70226/21, 400025/19, 70004/21, 950035/19, 950042/19, 950056/19, 950149/20, 950694/20|Appeal No. 6615|Case No. 2025-06396|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Biedermann Hoenig Semprevivo, Rye (Philip C. Semprevivo, Jr. of counsel), for appellant.

Weitz & Luxenberg, P.C., New York (Jared Scotto of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered October 15, 2025, which denied the motion of defendant Marist Brothers of the Schools, Inc. to vacate the court's prior order which, after in camera review, directed Marist Brothers to produce documents asserted to be privileged, unanimously modified, on the law, to order redaction of the names of victims of other alleged abusers on Bates-stamped pages 35, 526, 701, and 705, and otherwise affirmed, without costs.

After in camera review, Supreme Court providently exercised its discretion in determining that enumerated documents in the Marist Brothers' files were not privileged and ordering their disclosure, subject to appropriate redactions (see CPLR 3101; Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; Smith v Ford Found., 231 AD2d 456, 456 [1st Dept 1996]). The Marist Brothers failed to show that documents summarizing and memorializing reports of abuse against the Brother were prepared primarily in anticipation of litigation (see CPLR 3101[d][2]; James v Metro N. Commuter R.R., 166 AD2d 266, 268 [1st Dept 1990]). Although the Marist Brothers' communications with a liability insurer and the insurer's claims reports are subject to qualified privilege as trial preparation materials, the court providently determined that plaintiff demonstrated a need for these documents and undue hardship in obtaining their substantial equivalents (see Veltre v Rainbow Convenience Store, Inc., 146 AD3d 416, 417 [1st Dept 2017]; Recant v Harwood, 222 AD2d 372, 373-374 [1st Dept 1995]). The court properly concluded that the common interest doctrine did not apply to these communications, as "there is neither dual representation nor a joint defense or strategy" (American Re-Insurance Co. v United States Fid. & Guar. Co., 40 AD3d 486, 491 [1st Dept 2007]).

The court providently determined that certain communications involving the Marist Brothers' attorney were not protected by privilege, as those materials did not "contain legal advice, a request for legal advice, attorney work product, or any other category of privileged information" (Venture v Preferred Mut. Ins. Co., 180 AD3d 426, 429 [1st Dept 2020]). The court providently ordered disclosure of two communications, subject to redactions, that largely summarized factual allegations and deposition testimony (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379 [1991]). With respect to attachments to emails protected by attorney-client privilege, the court properly evaluated each document to ascertain whether any privilege applied and directed disclosure of materials that were not privileged (see CPLR 3101[a], [b]).

[*2]

The court providently exercised its discretion by concluding that an investigator's report was not protected by work product privilege (see State of N.Y. ex rel. Murray v Baumslag, 134 AD3d 451, 452 [1st Dept 2015]), nor was an attorney memorandum summarizing deposition testimony without meaningfully excluding any portions or including any legal opinions, impressions, or analysis (see Gurney-Goldman v Soil Mgt. LLC, — AD3d —, 2026 NY Slip Op 01596 [1st Dept 2026]).

The Marist Brothers properly redacted the names of apparent victims of other abusers (see T.B. v Roman Catholic Archdiocese of N.Y., 237 AD3d 529, 530 [1st Dept 2025]). However, insofar as the Marist Brothers also redacted the names of the alleged abusers, those names should be disclosed, as this could lead to discovery of other relevant and admissible evidence, including information about the Marist Brothers' response to child abuse claims during the relevant time period and whether there was a patterned response (see McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026