Patricia BREMSON, Plaintiff-Appellant,

v.

KINDER–CARE LEARNING CENTERS,
INC. and Dee Rusconi,
Defendants-Respondents.

No. WD 33488.

Missouri Court of Appeals,
Western District.

March 8, 1983.

Rehearing Denied May 3, 1983.

Roxanne J. Pendleton, Law Firm of Gerald H. Rosen, Kansas City, for plaintiff-appellant.

William R. Fish, James Welsh, Knipmeyer, McCann, Fish & Smith, Kansas City, for defendants-respondents.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

Plaintiff Bremson appeals from a trial court order dismissing a petition for slander.

Plaintiff filed her original petition asserting that certain statements were made by defendant Rusconi, agent of defendant, Kinder-Care, who was plaintiff's employer, "that could only be interpreted to mean" that plaintiff had "misappropriated funds," and "stolen a child's necklace." The defendant filed a motion to dismiss and suggestions asserting that an allegation of slander required statement of the alleged slanderous statements, and not their import. The trial court denied the motion to dismiss, but entered an order requiring that plaintiff make the petition more definite and certain. To that order, plaintiff responded with what is denominated as "First Amendment to Petition to Make More Definite." That pleading in essential part reads as follows:

1. ... Dee Rusconi, ..., did make oral statements ... that could only be interpreted to mean the Plaintiff had stolen money ...;

2. ... Dee Rusconi ... did make oral statements ... that could only be interpreted to mean that Plaintiff had stolen a gold necklace ...;

3. ... Dee Rusconi, ... did make verbal statement ..., that could only be

interpreted to mean that Plaintiff had stolen a radio . . . ;

4. . . . Dee Rusconi . . . did make statements . . . whose reasonable interpretation would be that Plaintiff was a thief . . . ;

5. . . . Dee Rusconi . . . did make oral statements . . . , which could only be interpreted to mean that Plaintiff had stolen and fraudulently misappropriated the funds from a "spice sale" . . . ;

6. . . . Dee Rusconi, . . . did make statements . . . which could only be interpreted to mean that the Plaintiff had stolen checks . . . ;

. . . . .

8. . . . Dee Rusconi . . . did make verbal statement indicating . . . that Pat Bremson had been dishonest in dealing with Defendant Kinder-Care Learning Centers, Inc.;

9. . . . Dee Rusconi . . . did make verbal statement . . . that could only be interpreted to mean that Plaintiff was making improper payment arrangements with patrons of Defendant Kinder-Care Learning Center, Inc., and that said Plaintiff was dishonest and incompetent;

Defendants refiled their motion to dismiss asserting the plaintiff's petition failed to state with particularity the alleged slanderous statements. Briefs were filed in the trial court, and the motion was sustained. Plaintiff did not ask leave to amend, but filed this appeal.

■ Missouri law requires that in actions of libel and slander the petition must set forth the words for which the plaintiff claims damages. In the common law language, in an action on the case for words spoken they should be laid in the declaration as they were uttered. *Watson v. Musick,* 2 Mo. 29 (1828). A general allegation of circulating false and untruthful reports reflecting upon his (plaintiff's) integrity is insufficient. *Remmers v. Remmers,* 217 Mo. 541, 117 S.W. 1117 (1909); *Fritschle v. Kettle River Co.,* 346 Mo. 196, 139 S.W.2d 948 (1940).

The plaintiff contends, despite this authority and many cases to the same effect in the related tort area of libel, that the Code of Civil Procedure changes the law of pleading in slander cases. Rule 55.05 commits Missouri to "fact" pleading, as opposed to the notice pleading permitted in the federal courts under Rule 8(a)(2) of the Federal Rules of Civil Procedure. The federal cases on the pleading of slander are, therefore, inapposite.

■ In any defamation case, the defendant is entitled to challenge the petition by a motion to dismiss. *Jacobs v. Transcontinental & Western Air.,* 358 Mo. 674, 216 S.W.2d 523 (Mo.1948). In ruling upon a motion to dismiss a petition for slander, the court must first determine if the words spoken were capable of a defamatory meaning. R. Sack, Libel, Slander, and Related Problems II.4.12 (1980). The pleading of the intendment of the language alone does not permit the court to determine the actionable nature of the language spoken, for it assumes the defamatory meaning of the words.

■ This case does not require a decision as to the precision of language required in pleading or proof of slander and what variations from the actual language uttered may be permitted. The pleading in the instant case makes no attempt, either by paraphrasing or imparting the substance of the utterance, to plead the content of the speech itself, but only describes its intendment or perceived effect.

The plaintiff also asserts the court below should have permitted her to plead over. That relief was not requested. Plaintiff stood on the petition, and it is fatally defective.

The judgment is affirmed.