**David and Patricia HAGLER,
Plaintiffs-Respondents,**

**v.**

**The DEMOCRAT–NEWS, INC.,
Defendant-Appellant.**

**No. 49156.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Sept. 17, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 28, 1985.

Application to Transfer Denied
Nov. 21, 1985.

John W. Reid, II, Schnapp, Graham & Reid, Fredericktown, for defendant-appellant.

Theresamarie Mantese, St. Louis, for plaintiffs-respondents.

DOWD, Presiding Judge.

The Democrat-News, Inc., defendant, appeals from a judgment based on a jury verdict of $3,000.00 actual and $4,000.00 punitive damages on plaintiffs Haglers' claims of libel and false light invasion of privacy. We reverse.

Plaintiffs David and Patricia Hagler, residents of St. Louis County, were the owners of twenty-three acres of land and a cabin in Madison County, Missouri. They placed a sign "Hagler's El Rancho Rock" at the intersection of rural Beulah Church Road and a private road which lead to several independently owned tracts of land, the Haglers' among others. The Haglers' had also acquired a farm in nearby Wayne County and had taken steps to develop the Christmas tree business they would operate after David's retirement from General Motors in eight years at the age of 55.

On September 6, 1980, the Sheriff of Wayne County arrested two individuals in Madison County on charges of illegal possession of marijuana under the mistaken belief that the offense took place in Wayne County. He thereafter contacted the Madison County Sheriff and they decided that a raid would be conducted on a "suspicious" cabin in the Beulah area.

On September 10, 1980, the sheriffs of Madison, Wayne, and Iron Counties met to conduct the raid. Madison County Sheriff Verlon Young telephoned the Democrat-News and requested the presence of a reporter to cover the event and take photographs to be used as evidence in any subsequent prosecution. Bob Sauer, a reporter, was assigned to the task. At Sheriff Young's direction he took several photographs. Among these was a photograph of plaintiffs' sign, "Hagler's El Rancho Rock" taken for the purpose of establishing Madison County as the proper venue of the crime since few distinguishing landmarks were available in the rural area.

On September 18, 1980, the Democrat-News published Sauer's article, "Sheriff's Department Conducts Drug Raid in Beulah Area" on its front page. This page features a photograph of the sheriffs with the seized marijuana and a caption indicating that more photographs were located on page 10. The photograph of plaintiffs' sign, "Hagler's El Rancho Rock" appears on page 10 together with other photos taken by Bob Sauer during the drug raid. (The text and photographic layout of the September 18, 1980, issue of the Democrat-News is discussed in greater detail infra.)

Thereafter, a copy of the Democrat-News was circulated among some of David Hagler's co-workers at General Motors, who teased him on the subject. Mr. Hagler is a serious natured person, and the taunts

of his co-workers upset him. Furthermore, he was deeply concerned that the inclusion of his sign in defendant's publication had injured his reputation in Wayne and Madison Counties, and that it would adversely affect his future plans to operate the Christmas tree business upon retirement.

Plaintiffs filed suit against defendant, Democrat-News, claiming the publication defamed them and invaded their privacy by presenting them in a false light.[1] In their pleadings, plaintiffs alleged the defendant's publication was the proximate cause of injury to their reputation and caused mental distress.

Plaintiffs' petition contains two counts: Count I pleads a claim for libel and Count II pleads a false light invasion of privacy. In Count I, plaintiffs allege that the Democrat-News printed, published, and distributed to the public, an article with multiple photographs, including a photograph of a sign containing plaintiffs' name, which article and photograph libelously depicted that the plaintiffs were involved in a criminal activity in the growing of marijuana on their farm in Madison County. This count charges a libel per se, the imputation of comission of a crime. A copy of the article, "Sheriff's Department Conduct Raid in Beulah Area" is attached to the petition as an exhibit.

Plaintiffs' Count II adopts by reference the aforementioned allegations of Count I and further alleges that the publication of defendant's article wrongfully and intentionally invaded their privacy, casting them in a false light to the general public.

The Democrat-News contends that the trial court erred in denying its motion for a directed verdict on several grounds, only two of which need be addressed: (1) the defendant's September 10, 1980, article and accompanying photographs do not constitute a libel per se, imputing commission of a crime to plaintiffs; and (2) the defendant's article contains a matter of legitimate public interest which is not actionable as a false light invasion of privacy.

■ In deciding whether a submissible case has been made by the plaintiffs, we view the evidence in light most favorable to the plaintiffs giving them the benefit of all inferences which may reasonably be drawn from the evidence in support of their cause of action. *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848, 849 (Mo. banc 1975); *Linkogel v. Baker Protective Services, Inc.*, 626 S.W.2d 380, 384 (Mo.App.1981).

■ Published words in written communications which are defamatory without the aid of extrinsic facts are libelous per se and as such are actionable. *Langworthy v. Pulitzer Publishing Company*, 368 S.W.2d 385, 388 (Mo.1963). *Greening v. Klamen*, 652 S.W.2d 730, 735 (Mo.App.1983).

■ Under Missouri law, a publication that imputes the commission of a crime, whether directly or indirectly, is libelous per se. In applying this rule and in considering whether a publication is libelous per se, words considered to be actionable should be unequivocally so, and should be construed in their most innocent sense. [citations omitted]. *Walker v. Kansas City Star Co.*, 406 S.W.2d 44, 50–51 (Mo.1966). *Hoog v. Strauss*, 567 S.W.2d 353, 357 (Mo. App.1978).

■ The court determines whether a communication is capable of a defamatory meaning. *Jacobs v. Transcontinental & Western Air*, 358 Mo. 674, 216 S.W.2d 523,

---

1. The Restatement (Second) of Torts § 652A A.L.I. (1977) declares that the right to privacy is invaded when there is unreasonable intrusion upon the seclusion of another; or (2) appropriation of the others name or likeness; (3) unreasonable publicity given to the other's private life; or (4) publicity that unreasonably places the other in a false light before the public. § 652E. Publicity Placing Person in False Light, states:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

    (a) the false light in which the other was placed would be highly offensive to a reasonable person, and

    (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

526 (1949); *Bremson v. Kinder-Care Learning Centers, Inc.*, 651 S.W.2d 159, 160 (Mo.App.1983). To determine whether words alleged to be libelous are in fact defamatory, they must be read in connection with the whole publication rather than in isolation. *Missouri Church of Scientology v. Adams*, 543 S.W.2d 776, 777, n. 2 (Mo. banc 1976); *Buller v. Pulitzer Publishing Co.*, 684 S.W.2d 473, 477 (Mo.App. 1985).

In light of these principles we examine the Haglers' claim of libel to determine whether, as a matter of law, the Democrat-News' September 10, 1980, article and accompanying photos, including the captioned photo of the Haglers' sign, imputes the commission of crime to the plaintiffs.

The four captioned photographs appearing on page 10 of defendant's publication are as follows: set side-by-side (1) a photograph of the cabin where the marijuana was discovered, captioned appropriately, "Cabin where marijuana was found;" (2) a photograph of the officers removing marijuana found growing on land adjoining the property, captioned, "authorities cutting marijuana stalks for evidence;" and set below, side-by-side (3) the photograph of plaintiffs' sign "Hagler's El Rancho Rock," captioned "entrance to cabin in the Beulah Community;" and (4) a photograph of officials on the site, captioned "law officials checking evidence." Plaintiffs contend that the juxtaposition of the photograph of the sign and its caption with the photo of the cabin where the marijuana was discovered imputes to them involvement in the drug ring. To this effect, several witnesses testified on plaintiffs' behalf that when they saw the article and looked at the photographs they thought the Haglers could have been involved. On cross examination, however, counsel for the Democrat-News brought out the fact that the witnesses had formulated their impression from the photographs and not from a reading of the text of the article itself.

When we construe the allegedly libelous photograph and caption in the context of the whole article, its presence although unfortunate, does not constitute libel.[2] The photograph of the sign and its caption when read in conjunction with the text leads the reader to conclude that the cabin it refers to is not that of the Haglers. First, the text of the article makes no mention of the Hagler name. Furthermore, it negatives any inference that the Hagler property was connected with the raid by expressly reporting that the 80 acres of land and cabin involved was owned by one Clyde Wattman. In addition, the article accurately reported the names of the two suspects arrested prior to the raid, the discovery of four pounds of marijuana seeds in the cabin and the presence of a large patch of marijuana on the adjoining property. Viewing the allegedly libelous material in its most innocent sense, and read in connection with the whole article, we find that it does not constitute the imputation of a crime to plaintiffs.

For its second point the Democrat-News contends that as a matter of law an action cannot lie for a false light invasion of privacy where the matter involved was one of legitimate public interest. We agree.

The determination of what is a matter of public concern is similar in principle to qualified privilege in libel. It is for the court to say first whether the occasion or incident is one of proper public interest. *Barber v. Time, Inc.*, 348 Mo. 1199, 159 S.W.2d 291, 295 (1942); *Hyde v. City of Columbia*, 637 S.W.2d 251, 267 (Mo.App. 1982).

Where the operation of laws and activities of the police or other public bodies are involved, the matter is within the public interest. *Buller*, 684 S.W.2d at 482. *See Williams v. KCMO Broadcasting Division-Meridith Corporation*, 472 S.W.2d 1, 5 (Mo.App.1971), where the court held that as a matter of law an action for a false light invasion of privacy lies only where publicity was given to a matter which was

**2.** For an excellent analysis of defamation see Lackland H. Bloom, Jr., *Proof of Fault in Media*  *Defamation Litigation,* 38 VAND.L.REV. 247 (1985).

not the subject of legitimate public interest. In *Williams* the plaintiff was mistakenly arrested along with five other individuals in connection with a robbery. A local news station filmed plaintiff's arrest, including a search of his person while he held his hands over his head. In the newscast which accompanied the film it was commented that three of the six persons involved would be charged in a the crime. The court found that neither the picture nor the commentary presented plaintiff in an indecent light. "Plaintiff's contention that he has a cause of action for invasion of privacy because he has shown in an unnatural or offensive and humiliating pose which would offend a person of normal sensibilities applies only to cases wherein publicity was given to a matter which was not the subject of legitimate public interest. This doctrine does not apply to publicity concerning newsworthy events." *Williams*, 472 S.W.2d at 5. *See also Langworthy v. Pulitzer Publishing Company*, 368 S.W.2d 385, 389–40 (Mo. 1963), holding that a newspaper account of plaintiff's report of a petty theft in his home committed by juveniles was not actionable as an invasion of privacy despite several inaccuracies therein because it was a matter of public interest, and *Hyde v. City of Columbia*, 637 S.W.2d at 267–268 (discussion of cases holding legitimate public interest in subject matter was extant).

 The Democrat-News account of the sheriffs' raid on the Beulah community cabin and the subsequent discovery and seizure of marijuana found on the premises is clearly an event about which the general public has a right to be informed and about which the defendant had a right to publicize. It is distinguishable from the situation in which the matter publicized is "outside of the scope of proper public interest and [where] there is substantial evidence tending to show a serious, unreasonable, unwarranted *and* offensive interference with another's private affairs" which presents an issue for the jury. *Buller*, 684 S.W.2d at 481 [emphasis in original], citing *Barber v. Time, Inc.*, 348 Mo. 1199, 159 S.W.2d 291, 295 (1942). Despite total inno-

cence of involvement in the drug ring on the Haglers' behalf, and the fortuitous fact that their sign was photographed solely to establish the location of the crime, we cannot say as a matter of law that the inclusion of this photograph in defendant's article is actionable as a false light invasion of privacy.

Judgment is reversed.

CRIST and CRANDALL, JJ., concur.