**Shaughn, Leo and Cherene VOEPEL, by next friend Leo F. VOEPEL; Harry and Dorothy Voepel and Leo F. Voepel, Appellants,**

v.

**CARDINAL GLENNON MEMORIAL HOSPITAL, et al., Respondents.**

No. 53120.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Susan M. Hais, Clayton, for appellants.

William L. Davis, Doreen G. Powell, St. Louis, for Monteleone, M.D.

Jonathan Ries, John E. Galvin, St. Louis, for Hospital, Munkel, Bennett, Schmalz, Kozemczak, Larock.

CRIST, Judge.

Appellants appeal the dismissal with prejudice of their second amended petition, sounding in libel and slander, for dissemination of child abuse information to persons not authorized by Child Abuse sections 210.110–210.165, RSMo 1986. We affirm.

The facts gleaned from the pleadings are:

Appellants (plaintiffs) are the grandparents, father and three children alleged to be abused. Respondents (defendants) are licensed social workers, nurses and doctors of a team known as "SAM Team" of respondent (defendant) Cardinal Glennon Memorial Hospital for Children. Defendants are specialists in the area of child abuse; and

On March 27, 1984, the SAM Team made an erroneous finding plaintiffs-grandparents had sexually abused their three grandchildren while the children were within the custody and arrangements relating to plaintiff-father; and

Defendants issued reports claiming such child abuse; such information was presented to a custody hearing by someone; defendants were at fault in publication of such statements; and the statements deprived plaintiffs of public confidence and social associations; and

The statements were published by someone to agencies, court personnel, and "other persons." Defendants failed to comply with § 210.115 in that there was (a) no reasonable cause to suspect child abuse, and (b) said report was by someone given to persons other than the Division of Family Services; and

Defendants did not have immunity under § 210.135 because someone disseminated

the information to the persons named. As a result of defendants' furnishing information to other persons, their reputations were damaged.

Defendants properly complain the petition does not state with clarity what it is that defendants did wrong. *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 566 (Mo.App. 1987). Assuming from a liberal interpretation of the pleadings that defendants disseminated information to the persons and agencies named, plaintiffs have failed to allege any malicious intent on the part of defendants. The petition does not allege defendants knew or should have known the information was false. The petition does not state defendants knew or should have known the interests of the children would not be protected in the dissemination of the information. *Hester v. Barnett*, 723 S.W. 2d 544, 558 (Mo.App.1987).

Section 210.135 provides immunity from liability to "[A]ny person, official or institutions complying with the provisions of sections 210.110 to 210.165 in the making of a report ... or in cooperating with the division in any of its activities pursuant to sections 210.110 to 210.165.... Provided, however, any person intentionally filing a false report shall not have immunity, from any liability, civil or criminal." The child abuse law is designated to encourage the reporting of suspected child abuse cases.

In short, plaintiffs have failed to plead a cause of action against defendants by the publication of someone of a report made by the SAM Team.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.