Roy T. **SHURN**, Plaintiff–Appellant,

v.

Dr. James A. **MONTELEONE**, Defendant–Respondent.

No. 54818.

Missouri Court of Appeals, Eastern District, Division Two.

April 18, 1989.

Roy T. Shurn, St. Louis, pro se.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, William L. Davis and Doreen G. Powell, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, the father of K.S., appeals after the trial court dismissed his two count petition for damages. Count I of the petition sounds in libel and slander. Count II alleges defendant violated plaintiff's constitutionally guaranteed right to privacy.

Defendant filed a motion to dismiss Count I for failure to state a cause of action and in support thereof alleged: (1) defendant had no duty owed to plaintiff, citing Missouri Child Abuse Statute, §§ 210.110 through 210.160, RSMo 1978; (2) defendant is immune under § 210.135; and, (3) the cause was barred by a two year statute of limitations, citing § 516.140 RSMo 1978. Defendant moved to dismiss Count II for failure to state a cause of action because: (1) defendant is protected by immunity, § 210.135 RSMo 1978; and, (2) the statutory affirmative duty to report suspect child abuse does not create a private cause of action of invasion of privacy. The court dismissed both counts without designating the ground or grounds relied on.

On appeal plaintiff presents a single narrow issue, namely,

THE TRIAL COURT ERRED IN APPROVING APPELLEE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED *BECAUSE THE TRIAL COURT DID NOT RECOGNIZE A STATUTORY TORT* THE MISSOURI LEGISLATURE CREATED WHEN IT ENACTED THE 1982 AMENDMENT TO SECTION 210.135 OF THE MISSOURI CHILD ABUSE STATUTE WHICH SPECIFICALLY DENIED IMMUNITY FROM CIVIL LIABILITY FOR ANYONE WHO INTENTIONALLY MAKES A FALSE REPORT OF CHILD ABUSE. (Our emphasis).

A. *When the Legislature enacted the 1982 Amendment to Section 210.135, it unambiguously removed any claim Dr. Monteleone has to immunity from civil liability for filing a false claim of child abuse.*

B. *When the trial court dismissed Shurn's claim that Dr. Monteleone intentionally filed a false report of child abuse, for failure to state a claim upon which relief can be granted, it erroneously attributed no meaning to the clear language of the 1982 Amendment.*

The point on appeal assumes that Chapter 210 creates a statutory tort. We review this claim of error under the constraint to review "only in respect to the specific matters argued by appellant as constituting error." *Schlanger v. Simon,* 339 S.W.2d 825, 828 (Mo.1960). We find that the statute does not create, expressly or by implication, a statutory cause of action for a private person who becomes the subject of a child abuse report. We conclude that the trial court did not err, as argued in the point on appeal. First, it is uncertain and unlikely that the trial court dismissed plaintiff's petition on a finding that the petition insufficiently alleged a statutory tort. Second, the statute did not create a new tort cause of action. Third, the pleading was insufficient to state a cause of action for libel or slander for failure to allege the specific words which plaintiff claimed to be defamatory. Fourth, the remedy in tort for the publica-

tion of untrue statements is governed by the law of defamation, not false light invasion of privacy.

Accordingly, we find the trial court properly dismissed Count I for failure to sufficiently allege the elements of libel or slander and properly dismissed Count II because it is based upon a theory of recovery not recognized in Missouri. Further, we find that the petition did not attempt to allege a statutory cause of action under Chapter 210 and that Chapter 210 does not create a statutory cause of action. We expressly do not reach and do not decide whether plaintiff could have stated a cause of action in libel or slander, as a matter of fact or law. We find only that the trial court properly dismissed plaintiff's petition for insufficiency of pleadings of the elements of the actions attempted. Therefore, we affirm dismissal without prejudice.

The Missouri Child Abuse law requires physicians and others to report suspected child abuse. Prior to 1982, the duty to report was defined in terms of "reasonable cause to believe child abuse had occurred." Section 210.115.1 RSMo 1978. In 1982, the statute was amended and now mandates a report based on "reasonable suspicion." Section 210.115.1 RSMo 1986. The statute balances the duty to report with a grant of immunity "from any liability, civil or criminal, that otherwise might result by reason of such actions." Section 210.135 RSMo 1986. The 1978 version of this section offered immunity to any person "participating in good faith." In 1982, this section was amended to offer immunity to any person "complying with" the report provisions. The 1982 amendment also added a new provision limiting the scope of immunity which reads, "however, any person intentionally filing a false report shall not have immunity, from any liability, civil or criminal."

Plaintiff attempted to state a cause of action in Count I for libel or slander. He alleged the report was intentionally false. Because we find that the allegations were insufficient to state a cause of action for libel or slander we need not decide whether immunity was an absolute legal defense to a well pleaded cause of action.

■ We find that the basic premise of plaintiff's claim of error on appeal fails. The premise is that Chapter 210 created a statutory cause of action for persons mentioned in a child abuse report, if the report is intentionally false. Our courts, state and federal, have recognized causes of action implied from constitutional provisions or statute. A court should do so only after a finding that the existence of the cause of action was necessarily implied to promote the purpose of the constitutional guarantee or new statutory right or privilege. The purpose of the Missouri Child Abuse Act is to encourage reporting for the benefit of protecting children. The purpose is wholly unrelated to plaintiff's theory of being a victim of an intentionally false report. If we were to adopt the view that the statute created a statutory cause of action it would have an opposite affect. Recognition of a new statutory cause of action would discourage rather than encourage reports of child abuse based upon reasonable suspicion.

Plaintiff argues this court recognized creation of a statutory tort based on §§ 210.110–210.165, RSMo 1986 in *Voepel v. Cardinal Glennon Memorial Hospital,* 743 S.W.2d 600, 601 (Mo.App.1988). This position is not correct. In *Voepel* we affirmed dismissal of a petition "sounding in libel and slander because 'plaintiffs have failed to allege any malicious intent on the part of defendants'" and in the absence of other required elements. The petition did not overcome the immunity provision. It was unnecessary for us to decide and we did not decide that Chapter 210 created a statutory cause of action.

Plaintiff also relied on the language of the immunity section, § 210.135. He suggests recognition of liability, civil and criminal, for an intentional false report creates a statutory cause of action. This reference to civil liability merely recognizes existing common law causes. It does not compel the conclusion that a statutory tort was created by the act. The legislature could

have but did not expressly create a new cause of action.

In Count I plaintiff alleged, inter alia, defendant had no reason to suspect abuse; made a fictional and untrue report; and, the report was willfully and maliciously false. The petition does not allege the express language which plaintiff contends was defamatory. In order to state a cause of action for libel, it is necessary to allege the specific words which are alleged to be defamatory. *Lorenz v. Towntalk Publishing Co.*, 261 S.W.2d 952, 953 (Mo.1953). Petitions which do not specifically allege those statements claimed to be libelous are subject to dismissal for failure to state a claim on which relief may be granted. *Missouri Church of Scientology v. Adams*, 543 S.W.2d 776, 778 (Mo. banc 1976).[1]

A similar rule applies to actions for slander. "In order to state a cause of action for slander, it is necessary to allege *in haec verba* the exact words which are alleged to be defamatory." *Brown v. Adams*, 715 S.W.2d 940, 941 (Mo.App. 1986).

Thus, whether Count I alleges a written or an oral report, the result is the same. In order to state a claim for libel or slander, the specific words claimed to be defamatory must be alleged in the petition. In addition to the cases above cited *see*, *Angelina Casualty Co. v. Pattonville–Bridgeton Terrace Fire Protection District*, 706 S.W.2d 483, 485 (Mo.App.1986); *Bremson v. Kinder–Care Learning Centers, Inc.*, 651 S.W.2d 159, 160 (Mo.App. 1983).

The trial court sustained the motion to dismiss without specifying grounds. We will sustain the judgment if any of the asserted grounds, in the present case failure to state a cause of action, are proper. *Sullivan v. Pulitzer Broadcasting Co.*, 709 S.W.2d 475, 476 (Mo. banc 1986). We affirm the dismissal of Count I because it fails to plead all the elements of the cause of action, not on the basis of the statute of limitations [which is not supported by facts available to this court] or the ground of immunity [which may or may not apply in a well pleaded case]. This limitation of the ruling is consistent with defendant's motion, to dismiss for failure to state a cause of action. Further, the motion was not one for judgment on the pleadings. Such motions are not favored in the law. *Holt v. Story*, 642 S.W.2d 394, 395 (Mo.App.1982).

The holding in *Sullivan v. Pulitzer Broadcasting Co.*, 709 S.W.2d 475, 481 (Mo. banc 1986) supports dismissal of Count II for failure to state a recognized cause of action. The Supreme Court there considered pleadings that defendant published a false accusation of criminal conduct. It found such pleading constituted "nothing more than the classic defamation action." *See, also, Hester v. Barnett*, 723 S.W.2d 544, 563 (Mo.App.1987). We follow *Sullivan* and find no error in dismissing Count II which attempted to allege an invasion of privacy claim based upon intentional false statements.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

---

1. In the absence of a pleading that the express words are "hidden or unknown, but discoverable" we do not consider any exceptions to the requirement of specificity.