Lorraine HENRY, Appellant,

v.

TAFT TELEVISION AND RADIO COMPANY, INC., Respondent.

No. WD 41600.

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

David M. Harding, Mary E. Murphy, Kansas City, for appellant.

Sam L. Colville, Joe Rebein, Kansas City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Appeal from an order of the trial court dismissing Counts I and V of appellant's petition for failure to state a claim upon which relief could be granted. Affirmed.

Appellant, Lorraine Henry, had resided at 2618 Lockridge in Kansas City, Missouri, since 1962. On May 22, 1986, a fire broke out at appellant's house. Television station WDAF (owned and operated by respondent Taft) sent its cameraman, Kerwin Hudson, to the scene to take video pictures.

On May 22, 1986, during its regular 5:00 p.m. news broadcast over WDAF, respondent delivered a 15–second report on the fire at appellant's house. News anchor, Phil Witt, stated: "Faulty wiring is to blame for a fire on Lockridge this morning. Six transients were inside the vacant building ... when the fire started. Everyone escaped unharmed. One firefighter was slightly injured. Doctors treated him at an area hospital. The fire caused about twenty-thousand dollars damage." The video portion of the report begins with a closeup scene showing three firemen at work on the roof of a house. The next scene depicts a fireman talking to a woman on the front porch of the house. Finally, the report concluded with a picture of the entire house and a closeup of firemen spraying water on the roof. The address, 2618 Lockridge, was superimposed over a portion of the video screen. Appellant was the woman in the video shown on the front porch engaging in conversation with a fireman.

On August 4, 1987, Henry filed her petition for damages alleging: (1) defamation of a private citizen; (2) defamation of a public official; (3) invasion of privacy as an intrusion upon seclusion; (4) invasion of privacy by publicity given to Henry's private life; and (5) false light invasion of privacy. Extensive discovery was conducted in the matter. Respondent believed that it received the information reported in the broadcast from Harold Knabe, a community relations officer with the Kansas City Fire Department, although Knabe did not recall being the source for the information.

After discovery, respondent moved to dismiss the petition or in the alternative for summary judgment. This motion was based upon the notion that the terms appellant complained of, "transients" and "vacant building" were not defamatory or libelous *per se.* Respondent also contended that the false light privacy count was not recognized in Missouri law under the facts of the case.

On December 27, 1988, the trial court rendered its order dismissing all five counts of the petition. Henry appeals only from the dismissal of Counts I and V of the petition. She briefs two points on appeal: (1) that the trial court erred in dismissing Count I because the elements of defamation were sufficiently pleaded; and (2) that the trial court erred in dismissing Count V because Missouri law supports such a claim based upon the facts pleaded by Henry.

Henry first contends that she had sufficiently pleaded the elements of defamation. Initially, it should be noted that the court's order dismissing appellant's claims did not specify the grounds on which that dismissal was based. This court will sustain the dismissal if any of the asserted grounds are found to be proper. *Sullivan v. Pulitzer Broadcasting Co.,* 709 S.W.2d 475 (Mo. banc 1986). Respondent contended that appellant's pleading failed to state a claim upon which relief could be granted. Thus, according to Rule 55.27 "the motion shall be treated as one for summary judgment...." Review of summary judgment is treated as a review of a court-tried or equity proceeding. *Roberts Fertilizer, Inc. v. Steinmeier,* 748 S.W.2d 883 (Mo. App.1988). The entire record is viewed in the light most favorable to the party against whom a summary judgment is entered with the reviewing court first ascertaining whether any *genuine* issue of material fact remains requiring trial. *Id.* at 886. Then the inquiry becomes whether

the judgment is correct as a matter of law. *Id.* The dismissal will only be upheld if recovery could not be had on any theory pleaded. *Defino v. Civic Center Corporation,* 718 S.W.2d 505 (Mo.App.1986).

Appellant argues that the words "transient" and "vacant building" constitute actionable libel. "The function ... of an appellate court in determining the sufficiency of a petition setting forth a claim for damages for libel is necessarily limited to a determination of whether the communication set forth in the petition, together with matters of inducement and innuendo which may be there contained, is capable of a defamatory meaning." *Coots v. Payton,* 365 Mo. 180, 280 S.W.2d 47, 51 (1955). This requires the court to determine whether the communication conveys the meaning assigned to it by the appellant and if that meaning could then be considered defamatory. *Id.*

■ There are two types of libel actions recognized under Missouri law, libel per se and libel per quod. *Anton v. St. Louis Suburban Newspapers, Inc.,* 598 S.W.2d 493 (Mo.App.1980). Words which are defamatory on their face are known as libelous per se. *Langworthy v. Pulitzer Publishing Co.,* 368 S.W.2d 385 (Mo.1963). A petition which is based upon words which are not libelous per se may form the basis for an action of libel per quod. Here, appellant must show through extrinsic facts that the words, although not libelous per se, were defamatory and special damages must be pleaded to state a cause of action. *Id.* Libel per quod cannot be used as a vehicle for this action either. No special damages are alleged and no extrinsic facts were set forth in the petition which would suggest that the words "transient" and "vacant building" be given any other than plain and ordinary meanings.

■ Nor do the facts alleged in the petition constitute libel per se as the words complained of were not defamatory on

their face. The words complained of, "transient and vacant building" cannot be said to constitute a libel per se in spite of appellant's attempts to stretch their meaning. Appellant argues that being considered a "transient" is akin to being associated with unsavory or illegal behavior. The words complained of are ambiguous, however. There is no rule of construction which mandates that the words in question be examined only in a sinister light. "Words which are considered to be actionable should be unequivocally so...." *Hagler v. Democrat–News, Inc.,* 699 S.W.2d 96, 98 (Mo.App.1985). *See also Buller v. Pulitzer Publishing Company,* 684 S.W.2d 473 (Mo.App.1984). The words here are ambiguous in that they are susceptible to different meanings. For example, "transient" can be defined as a "guest or boarder." *Webster's Third New International Dictionary,* 1971, p. 2428.

Appellant filed an affidavit by Billie Connor, who had viewed the news broadcast. At the time of the broadcast, Connor did not know appellant. Her affidavit merely states that she, "[A]ssumed that the woman shown in the picture was a transient," and that as a result of the broadcast she believed appellant "[T]o be a person of little moral character and integrity." Viewed with the deposition given by Conner it simply does not support appellant's theory. Her deposition stated that nothing in the broadcast affected her relationship with appellant, nor did she think any less of appellant because of the broadcast. As the words complained of were not libelous per se the affidavit presents no genuine issue of material fact which would require a trial, thus reversal of the trial court's dismissal is not mandated. Appellant's Point I is denied.

■ Appellant next contends that the trial court erred in dismissing Count V for failure to state a claim for false light invasion of privacy[1] because Missouri law sup-

---

**1.** Restatement (Second) of Torts, section 652E (1977), defines the tort of false light privacy:

**Section 652E. Publicity Placing Person in False Light**

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

ports such a claim under the facts pleaded by appellant. Leaving aside the question of whether the tort of false light invasion of privacy is recognized under Missouri law, it certainly is inappropriate under the facts of the instant case. Thus, the invitation extended in *Sullivan v. Pulitzer Broadcasting Co.,* 709 S.W.2d 475 (Mo. banc 1986), for a possible recognition of the tort in Missouri under appropriate circumstances, must be declined.

Appellant's petition does not complain of the filming of her burning house, nor the general report of the fire made by WDAF. Count V complains again of the words used in the report. An action alleging damages based upon untrue statements sounds in defamation, not invasion of privacy. "The tort of invasion of privacy is not a species of defamation. Where the claim for recovery on either theory—the publication of private facts or a false light invasion of privacy—involves *untrue* statements, the appropriate remedy is by defamation." *Hester v. Barnett,* 723 S.W.2d 544, 563 (Mo.App.1987). The instant case is a classic illustration of a defamation action, alleging that the words used in the broadcast were untrue. Appellant's Point II is denied.

The judgment of the trial court is affirmed.

All concur.

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.