Venture v Preferred Mut. Ins. Co. (2020 NY Slip Op 00834)





Venture v Preferred Mut. Ins. Co.


2020 NY Slip Op 00834


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10955N 155587/14

[*1] Daniel Venture, et al., Plaintiffs-Appellants,
v
Preferred Mutual Insurance Company, Defendant-Respondent. 
[And A Third-Party Action]


Law Offices of Eric Dinnocenzo, New York (Eric Dinnocenzo of counsel), for appellants.
Dodge & Monroy, P.C., Lake Success (Peter X. Dodge of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on April 10, 2019, which after a hearing, denied plaintiffs' motion for the production of documents withheld or redacted by defendants on the basis of privilege, and to depose and disqualify defendant's counsel, unanimously modified, on the law, to produce some documents with redactions, and some produced in their entirety, as indicated herein, and otherwise affirmed, without costs.
"The work product of an attorney shall not be obtainable" (CPLR 3101[c]). This privilege is absolute (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991}). It "applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy" (Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 190—191 [1st Dept 2005]; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]).
Since plaintiffs retained counsel and did not allow Preferred's cause and origin expert to take a written or recorded statement from him, Preferred retained Dodge to schedule an examination under oath based on his professional skills with SIU investigations, particularly, Dodge's knowledge of National Fire Protection Association (NFPA) guidelines, which pertained to fire science and fire investigation, and had a foundation of questions to ask in a case that involved a suspicious fire. Dodge's involvement was only part of the process and was as an attorney, not a claims investigator.
Nevertheless, the emails between McGuire and Dodge, two dated February 11, 2014, one dated March 10, 2014, and one dated January 20, 2014 (SR 183, 184-185, 197, and 203-205) that appear in email chains forwarding nonprivileged messages between McGuire and witnesses or government employees pertaining to the investigation should be redacted to obscure only communications between McGuire and Dodge, and the entire documents must be produced in redacted form. The remainder of each of these email chains, which include forwarded emails between McGuire and other parties, contain nonprivileged communications regarding defendant's investigation (see Brooklyn Union Gas Co., 23 AD3d at 191) and should be produced.
Other documents that should be produced in full are: the January 13, 2014 emails between McGuire and Dodge exchanging cell phone numbers; the January 13, 2014 email between Jones and McGuire exchanging cell phone numbers; the January 21, 2014 emails between investigators McGuire and Jones; the January 17, 2014 email between Dodge and opposing counsel concerning EUOs; the January 20, 2014 email between Dodge and opposing counsel concerning EUOs; the January 20, 2014 invoice from Veritext to Dodge; the June 4, 2014 transmittal of Veritext invoices from Dodge to McGuire; the December 11, 2013 letter from opposing counsel to Dodge; the February 4, 2014 letters between Dodge and opposing [*2]counsel confirming EUO dates; the January 14, 2014 letter from Dodge to opposing counsel seeking additional documentation; the February 28, 2014 email chain between Lee, Bodie, Roth and McGuire seeking review of the disclaimer letter; the March 3, 2014 email chain between McGuire, Bodie, and Roth approving the release of the disclaimer letter; the March 4, 2014 email between Bodie and Lawlor regarding typing of the disclaimer letter; the summons and complaint; notice of commencement of the action by electronic filing; the January 3, 2013 email from McGuire to Dodge concerning a drug raid; the September 17, 2014 email chain between investigators McGuire and Jones; the January 13, 2014 email chain from McGuire to Vieau concerning post-fire photos; the March 31, 2014 email chain from Prentice to McGuire concerning "Boomerang - Expense Report Approved"; the June 2, 2014 email from Bodie to McGuire concerning "IR10000.pdf"; the June 2, 2014 email chain between Bodie and McGuire asking for a response to an agent; the June 11, 2014 email between Bodie and McGuire, concerning "IR110000.pdf"; the March 3, 2014 email chain from Roth to McGuire and Bodie regarding "13012286 Venture Disclaimer"; the November 26, 2013 email chain between McGuire and Benjamin regarding "PHO 745407 Venture"; the January 10, 2014 email chain from McGuire to Claims regarding "Venture" and distributing post-fire photos received from opposing counsel; the March 4, 2014 email from McGuire to Veritext regarding "Assignment Number 1810796"; the January 7, 2014 email chain from McGuire to Claims regarding "13012286," and distributing photos received from opposing counsel; the January 28, 2014 emails between Dodge and McGuire regarding "Venture EUO"; the January 20, 2014 email between Dodge and opposing counsel regarding "Follow up"; the January 20, 2014 email chain between McGuire and Cargill regarding "claim 13012286"; the January 7, 2014 chain between McGuire and Claims, Dodge and opposing counsel regarding "Venture 17 (notice of foreclosure)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 15 (Sovereign bank 09-13)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 13 (Sovereign bank 09-13)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 13 (tax returns 2009 - 2012)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 10 (missing April statement from before)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 11 (Daniel Visa 2013)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 11 (Daniel Visa 2013)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 12 (car registration)"; the January 2, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 14 (home phone)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 14 (home phone)"; the January 7, 2014 email chain between Dodge, McGuire and opposing counsel regarding "Venture 9 CC bills 2013)"; the January 7, 2014 email chain between McGuire and Claims, and including emails from Dodge and opposing counsel regarding "Venture 16 (mortgage)"; the January 7, 2014 email from McGuire to Dodge regarding "13012286 — Venture (adj stmt of loss)"; the January 7, 2014 email chain between McGuire and Claims, Dodge and opposing counsel regarding "Venture 8 (Isabel bank)"; 14 (home phone)"; the January 7, 2014 email chain between McGuire and Claims, Dodge and opposing counsel regarding "Venture 6 (Isabel Bank 2011)"; the January 7, 2014 email chain between McGuire and Claims, Dodge and opposing counsel regarding "Venture 5 (Isabel Bank)"; the December 5, 2013 emails between McGuire and Myers regarding "Venture"; an aborted January 3, 2014 email from McGuire to Dodge; the February 10, 2014 email from Gervasi to McGuire regarding "Assignment #1785222 Venture V. EUO"; the January 17, 2014 email from Litsup-NJ to Dodge and Gervasi regarding "Assignment # 1785222 Venture V. EUO"; the January 13, 2014 email chain from Gervais to McAuliffe and McAuliffe to McGuire regarding "Venture #13012286" and concerning the EUO transcripts; and the January 7, 2014 emails exchanged between Bodie and Dodge concerning "Cust Claim #13012286 - Insured: Venture, Daniel and Isabel" chain (SR 21-28, 39, 42-44, 55-58, 68-73, 94-96, 105, 115-137, 139-161, 164-169, 172-175, 177, 181-182, 186-190, 196, 198, 202, 206-207, 210-213, 223-233, 235-240, 248, 259, 265, 282, 284-286, 288-289). Pleadings, communication with opposing counsel, and communications solely between [*3]investigators, should be produced without redactions, since they do not contain legal advice, a request for legal advice, attorney work product, or any other category of privileged information (see CPLR 3101(b), (c), (d)(2); Spectrum Sys. Intl. Corp., 78 NY2d, at 376-377).
Given that Dodge and the Dodge firm were acting as counsel, and were not primarily responsible for investigating this matter, they need not be disqualified from representing defendant, since Dodge is not likely to be called as a witness. Disqualification will not be granted where evidence from the attorney would be cumulative (see O'Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154, 155 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK