West 87 LP v Paul Hastings LLP (2023 NY Slip Op 50821(U))

[*1]

West 87 LP v Paul Hastings LLP

2023 NY Slip Op 50821(U)

Decided on August 4, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2023
Supreme Court, New York County

West 87 LP, on its Own Behalf and as Assignee of QSB 267 Property Co., LLC, QSB 267 Holdings, LLC, Simon Baron Development, LLC, and JSMB 267 LLC, Plaintiff,

against
Paul Hastings LLP, Defendant.

INDEX NO.: 651263/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 were read on this motion for DISCOVERY.
In this action for legal malpractice, West 87 LP, on its own behalf and as assignee of QSB 267 Property Co. LLC, QSB 267 Holdings LLC, Simon Baron Development LLC and JSMB 267 LLC (plaintiffs) move, pursuant to CPLR 3103, for a protective order.
Plaintiff assignor entities were a group of limited liability companies that owned or controlled various aspects of a real estate development project located on West 87th Street in Manhattan. Defendant, the law firm of Paul Hastings LLP, purportedly represented plaintiff in the execution of lease agreements for the project. It is alleged that defendant failed to properly analyze and draft a rent escalation clause in a ground lease for the development.
The parties have engaged in discovery and produced documents between the parties that contain communications between defendant and plaintiffs' nonparty owner-entities Quadrum Global and Simon Baron Development Inc. At issue are certain correspondence between plaintiff and other entities purportedly employed by plaintiffs for legal representation. Plaintiffs made 87 privilege designations over the communications. Plaintiffs assert that the communications are protected by the attorney client privilege, the attorney work product privilege, and the litigation privilege. Defendant challenges 82 of the designations, which involve 32 documents. In motion sequence 001, plaintiffs request an order exempting the 32 documents from disclosure.
Legal Standard
CPLR 3101 requires full disclosure of all matter material and necessary in the prosecution or defense of an action. The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is [*2]one of usefulness and reason" (Allen v Crowell-Collier Publishing Co., 21 NY2d 403[1968]).
New York courts generally favor open and liberal discovery. However, the CPLR establishes three categories of protected materials: privileged matter, attorney work product and trial preparation materials (Spectrum Sys. Int'l Corp. v Chem. Bank, 78 NY2d 371, 377 [1991]).
The attorney-client privilege shields from disclosure confidential communications between an attorney and client made for the purpose of obtaining legal advice (CPLR 4503[a][1]). It is narrowly construed so to not be in tension with the court's policy favoring liberal discovery (Spectrum 78 NY2d at 377). The party asserting the privilege bears the burden of establishing entitlement to the privilege, as well as the burden of showing confidentiality has not been waived (id.).
With respect to the work product and litigation privilege, it is well established that documents drafted by an attorney during litigation are exempted from disclosure as attorney work product (Venture v Preferred Mut. Ins. Co., 180 AD3d 426 [1st Dept 2020]), and statements made, prior to, and in the course of litigation are entitled to absolute privilege (TRB Acquisitions LLC v Yedid, 215 AD3d 40, 43 [1st Dept 2023], citing, Front, Inc. v Khalil, 24 NY3d 713, 720 [2015]["we hold that statements made prior to the commencement of an anticipated litigation are privileged, and that the privilege is lost where a defendant proves that the statements were not pertinent to a good faith anticipated litigation"]). As a matter of public policy, however, the courts confine absolute privilege to a very few situations (Front Inc., 24 NY3d at 719, citing, Park Knoll Assocs. v Schmidt, 59 NY2d 205 [1983]).
Discussion
The withheld documents were divided into five categories of records. The first category involved communications between representatives of nonparty developer Quadrum Global and plaintiff Simon Baron Development. The communications purportedly convey information provided by outside legal counsel. The second category of documents relates to information obtained from outside legal counsel for the purposes of evaluating legal claims against defendants, and the third and fourth categories pertain to communications regarding the drafting of the actual malpractice complaint. The fifth and last category of documents reflects discussions regarding prior and anticipated legal advice, and requests for legal advice relevant to the evaluation of claims in the subject litigation.
Plaintiffs readily admit that the majority of the disputed documents do not include legal counsel as senders or recipients on the communications (NYSCEF doc. no. 44, para. 6). Rather, plaintiffs submit that the senders are joint business persons who, at some point during the communication, reference legal advice allegedly provided by counsel. Despite not having legal counsel as a participant in a majority of the communications at issue, plaintiffs nonetheless assert that either the attorney-client privilege, the attorney work product privilege, or the trial preparation privilege applies (id.).
The attorney-client privilege is narrowly construed and applies only to communications between attorney and client made for the purpose of obtaining legal advice (CPLR 4503[a][1]). Communications do not automatically obtain privilege status merely because they were created or communicated by an attorney (Spectrum v Chem. Bank, 157 AD2d 444, 447 [1st Dept 1990]; Rossi v Blue Cross, 73 NY2d 588, 594 [1989]). Only if the communications are transmitted in the course of professional employment, that convey a lawyer's assessment of the client's legal position, does the privilege apply (Spectrum 78 NY2d at 378). Communications between attorney and client and subsequently disclosed to third parties are not protected by the attorney-[*3]client privilege (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016] [" [a] client waives the privilege if a communication is made in confidence but subsequently revealed to a third party"] citing, People v Patrick, 182 NY 131, 175 [1905]).
However, an exception is made when under the common interest doctrine, attorney-client communications disclosed to a third party remain privileged if shared with parties of common legal interest in pending or anticipated litigation (Ambac v Countrywide, 27 NY3d 616, 620 [2016]).
A review of the in-camera submission makes clear that a number of documents contain communications made by corporate representatives of plaintiff Simon Baron Development which convey legal instruction or advice and are protected by the attorney client privilege (Delta Fin. Corp. v Morrison, 15 Misc 3d 308, 316—17 [Sup Ct, Nassau County 2007]["(the attorney client privilege) also encompasses communications between attorney and a client's agent or representative provided that the communications are intended to facilitate the provision of legal services by the attorney to the client).
However, there are a number of documents that contain information regarding purported legal advice provided to plaintiffs, but communicated through third-party entities who, plaintiffs admit, are not attorneys and not parties to the litigation (NSYCEF doc. no. 44, para. 7). Generally, communications between attorney and client made in the presence of or subsequently disclosed to third parties are not protected by the attorney-client privilege. Under the common interest doctrine, however, attorney-client communications disclosed to a third party remain privileged if shared with parties of common legal interest in pending or anticipated litigation (Ambac v Countrywide, 27 NY3d 616, 620 [2016]). Here, it appears that the entities referenced in the withheld communications are interrelated, and it appears the communications were made for the purpose of discussing the pending litigation, strategies for addressing the litigation, or for preparation of relevant materials for the litigation. Based upon this court's review, the communications between plaintiffs, nonparty entities and non-lawyers are privileged by virtue of the entities' common legal interests in the prosecution of this action (id.).
Similarly, the court will not compel disclosure of claw-back documents 80-82. The attorney-client privilege applies to communications between a corporation's employees and the corporation's in-house counsel for the purpose of providing legal advice to the corporation (Stock v Schnader Harrison Segal & Lewis LLP, 142 AD3d 210, 216 (1st Dept 2016).
Finally, with respect to plaintiffs claim of work product privilege, the court notes that while some of the communications were made for the purpose of preparing materials to assist in anticipated litigation, a number of documents reflect the production of engagement letters and invoices (see, e.g., category 2, documents 22, 23, 24, 25, 26, 35, 36). Retention and engagement letters and invoices are discoverable (In re Nassau Cnty. Grand Jury Subpoena Duces Tecum 4 NY3d 665, 679 [2005][communications regarding the identity of a client and information about fees paid by the client are not generally protected under the attorney-client privilege, nor are communications regarding the payment of legal fees by a third person]; Matter of Priest v Hennessy, 51 NY2d 62, 69 [1980][fee arrangements are not confidential communications and are not privileged]). Emails merely reflecting the production of invoices and engagement letters generated by defendant should not have been withheld.
Accordingly, it is hereby
ORDERED that within ten days of the date of this order, and to the extent not already done, plaintiffs shall disclose all correspondence reflecting the production of invoices, and [*4]retention and engagement letters previously withheld; and it is further
ORDERED that plaintiffs' motion for a protective order (motion sequence no. 001) is, otherwise, granted in all respects.
Dated: August 4, 2023
Robert R. Reed, J.S.C.