Matter of Law Off. of Cyrus Joubin v Manhattan Dist. Attorney's Off. (2025 NY Slip Op 06283)

Matter of Law Off. of Cyrus Joubin v Manhattan Dist. Attorney's Off.

2025 NY Slip Op 06283

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 158168/23|Appeal No. 5175-5176|Case No. 2024-02963, 2024-06707|

[*1]In the Matter of Law Office of Cyrus Joubin, etc., Petitioner-Respondent,
v
Manhattan District Attorney's Office, Respondent-Appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for appellant.
Cyrus Joubin, New York, for respondent.

Supplemental order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered March 26, 2024, which granted in part petitioner's application to annul respondent's July 28, 2023 denial of petitioner's Freedom of Information Law (FOIL) request for agency records to the extent of directing disclosure of a data sheet with redaction of certain personal identifying information, unanimously reversed, on the law, without costs, the petition denied in its entirety, and the proceeding brought pursuant to CPLR article 78 dismissed. Order, same court and Justice, entered October 10, 2024, which, to the extent appealed from as limited by the briefs, granted that branch of petitioner's motion for leave to reargue so much of the March 26, 2024 supplemental order and judgment as denied petitioner's request for an award of attorneys' fees and, upon reargument, granted so much of the petition as sought attorneys' fees and modified the March 26, 2024 supplemental order and judgment to award reasonable attorneys' fees and costs to petitioner, unanimously reversed, on the law, without costs, and the request for attorney's fees denied.
Supreme Court appropriately ordered an in camera inspection of all records responsive to petitioner's FOIL request, including the datasheet that was ultimately produced with redaction of personal information regarding certain people involved in the relevant criminal matter (Public Officers Law § 84 et seq.). However, those records should not have included the D.A. datasheet. This Court has previously held that the D.A. datasheet constitutes attorney work product, as it contains the analysis and conclusions of the intake attorney (see Matter of Law Off. of Cyrus Joubin, Esq. v Manhattan Dist. Attorney's Off., 234 AD3d 441, 441 [1st Dept 2025]; see Venture v Preferred Mut. Ins. Co., 180 AD3d 426, 426 [1st Dept 2020]). As a result, CPLR 3101(c) protects the datasheet from disclosure under FOIL, and it is not subject to disclosure even with redactions (see Public Officers Law § 87[2][a]; Matter of Stengel v Vance, 198 AD3d 434, 434 [1st Dept 2021]).
In light of this determination, the award of attorneys' fees is unwarranted, as petitioner has not "substantially prevailed" in its appeal of respondent's denial (Public Officers Law § 89[4][c][ii]). Furthermore, even had petitioner substantially prevailed, Supreme Court made no "find[ing] that the agency had no reasonable basis for denying access," and thus, there was no basis for an award of attorneys' fees to petitioner (id.; see also Matter of Jewish Press, Inc. v Kingsborough Community Coll., 201 AD3d 547, 548-549 [1st Dept 2022], lv denied 18 NY3d 806 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025